IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER VAN MOOK,                )
                                   )
            Plaintiff,             )
                                   )
    v.                             ) Civil Action No. 10-876
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant.             )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 31st day of August, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income (SSI) under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his application for SSI on June 5, 2006, alleging a disability onset date of February 19, 1990, due to autism, stress and depression. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on April 3, 2008, at which plaintiff, represented by counsel, and plaintiff's mother appeared and testified. On April 11, 2008, the ALJ issued a decision finding plaintiff not disabled. On May 12, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 24 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education. 20 C.F.R. §416.964(b)(4). He has no past relevant work experience and he has not engaged in any substantial gainful activity since the date his application was filed.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes

AO 72
(Rev. 8/82)

that plaintiff suffers from the severe impairment of autism, he does not have an impairment or combination of impairments that meets or medically equals the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform work at all exertional levels but with certain non-exertional restrictions resulting from the limiting effects of his impairment.[1] Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff retains the residual functional capacity to perform jobs existing in significant numbers in the national economy, such as hand packer, vehicle washer and assembler. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

---

[1] Specifically, the ALJ found that plaintiff "is limited to the performance of simple, repetitive tasks that do not require dealing with the general public or maintaining close interaction with coworkers." In addition, the ALJ found that plaintiff "should not be required to perform mathematical tasks without a calculator." (R. 13).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff essentially raises two challenges to the ALJ's finding of not disabled: (1) the ALJ erred at step 2 by not finding that plaintiff has additional severe impairments, specifically, depression, anxiety and borderline intellectual functioning; and, (2) the ALJ erred at step 5 in evaluating the medical evidence by accepting the opinion of a non-examining agency physician over that of the consultative examiner and by misinterpreting other medical evidence. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §416.920. See also Newell, 347 F.3d at 545-46. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

AO 72
(Rev. 8/82)

Plaintiff first challenges the ALJ's step 2 finding that autism is plaintiff's sole severe impairment. Plaintiff contends that the ALJ erred by not finding that plaintiff's diagnosed conditions of depressive disorder, anxiety disorder and borderline intellectual functioning also are severe impairments.

At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §416.920(a). The step two inquiry is a *de minimus* screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546.

The plaintiff bears the burden at step 2 of establishing that an impairment is severe. See, McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3rd Cir. 2004). Moreover, it is well settled that disability is not determined merely by the presence of a diagnosed impairment, but by the effect that the impairment has upon the individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).

Thus, plaintiff's burden was to show that his additional diagnosed impairments resulted in more than a *de minimus* effect on his ability to perform basic work functions. Plaintiff failed to meet this burden here as to either his depressive/anxiety disorders or his borderline intellectual functioning.

Although "[r]easonable doubts on severity are to be resolved in favor of the claimant," Newell, 347 F.3d at 547, there is little doubt that plaintiff's depression and anxiety have no more than a *de minimus* effect on plaintiff's ability to perform basic work activities and, therefore, are not severe impairments. Although both Dr. Nadulek, the consultative examiner, and Dr. Dalton, the state agency psychologist, noted diagnoses of depressive disorder and anxiety disorder (R. 307; 319 & 321), neither indicated that either of those disorders have any effect on plaintiff's ability to perform basic work activities.

Nor does the record support such a finding. The ALJ noted that plaintiff is not receiving any mental health treatment and that he does not take any medications for depression or anxiety. (R. 14). Moreover, the neuropsychological report from Dr. Petrick dated January 9, 2007, indicates that while plaintiff's history is "significant" for symptoms of depression,[3] those issues primarily were "related to family issues which are now resolved." (R. 332). Dr. Petrick further noted that plaintiff "denies any current symptoms." (R. 333). In fact, Dr. Petrick did not even diagnose plaintiff with either a depressive disorder or an anxiety disorder.

---

[3] Treatment notes from Dr. Antonio Hardan indicate that plaintiff was treated for depression around the age of 15 but by February 29, 2000, there had been "some overall improvement in his symptoms." (R. 213-230). Plaintiff did not return to Dr. Hardan until July of 2005, at which time Dr. Hardan noted "no pervasive symptoms of depression." (R. 231).

Likewise, although Dr. Petrick listed a diagnosis of borderline intellectual functioning (R. 338), he did not suggest any limitations on plaintiff's ability to perform basic work activities arising from that impairment, at least not beyond those which also arise from plaintiff's autism, which were accounted for by the ALJ in his residual functional capacity finding. The ALJ noted that plaintiff graduated from high school with a 3.0 grade point average with special education assistance and that he thereafter attended a technical school to study commercial art. (R. 11). The court is satisfied that the ALJ's residual functional capacity finding accounted for all of the limitations in plaintiff's ability to perform basic work activities whether those limitations arose from autism or from borderline intellectual functioning, or both.

It also is important to stress that the ALJ did not deny plaintiff's claim for benefits at step 2. Instead, he considered the impact of all of plaintiff's impairments, both severe and not severe, on plaintiff's residual functional capacity and found plaintiff not disabled at step 5. Accordingly, the ALJ's step 2 finding not only is supported by substantial evidence, but also had no effect on the ultimate determination of not disabled. Cf., McCrea v. Commissioner of Social Security, 370 F.3d 357, 360-61 (3rd Cir. 2004) (the Commissioner's determination to deny an applicant's request for benefits at step 2 "should be reviewed with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".)

Plaintiff also challenges the ALJ's evaluation of the medical evidence. Primarily, he contends that the ALJ improperly accepted the opinion of the state agency reviewing psychologist, Dr. Dalton, who concluded that plaintiff "is able to meet the basic mental demands of competitive work on a sustained basis," (R. 315), over the opinion of a consultative examiner, Dr. Nadulek, who opined that plaintiff "should be able to engage in some <u>part-time</u> gainful employment ... with structured help." (R. 307)(emphasis added). Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight to which each opinion is entitled, including, *inter alia*, the examining and treatment relationship, the specialization of the medical source, the opinion's supportability and consistency and any other factors tending to support or contradict the opinion. 20 C.F.R. §416.927(d). Importantly, the opinion of <u>any</u> physician, whether treating, examining or reviewing, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(e); SSR 96-5p.

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. In particular, the ALJ expressly

AO 72
(Rev. 8/82)

considered Dr. Nadulek's opinion suggesting that plaintiff is limited to part-time work and adequately explained why he did not give it great weight, specifically noting that Dr. Nadulek offered no explanation as to why he believed that plaintiff could only perform work on a part-time basis. (R. 14).

The court has reviewed Dr. Nadulek's report, along with the other medical evidence, and is satisfied that the ALJ's evaluation is supported by substantial evidence. Dr. Nadulek's opinion that plaintiff is limited to part-time work not only is not explained in his report but also is inconsistent with both his own objective findings and the findings of Dr. Dalton and Dr. Petrick.

Plaintiff's contention that the ALJ erred in accepting the opinion of Dr. Dalton, a non-examining reviewer, over that of Dr. Nadulek, who examined plaintiff, is unpersuasive. Initially, the court notes that while plaintiff suggests that the ALJ "chose" Dr. Dalton's opinion over that of Dr. Nadulek, a review of the ALJ's decision shows that the ALJ expressly accorded greater weight "to the evaluation of Dr. Petrick," another consultative examiner, than he did to Dr. Nadulek's, for the reason that Dr. Petrick "performed a more thorough evaluation utilizing a number of objective testing instruments." (R. 14). The ALJ in turn gave substantial weight to Dr. Dalton's opinion, which was more consistent with Dr. Petrick's. (R. 14).[4]

---

[4] The court finds unpersuasive plaintiff's argument that the ALJ "misinterpreted" Dr. Petrick's opinion. Although plaintiff suggests that the ALJ interpreted Dr. Petrick's opinion to be that plaintiff is presently employable, such an opinion would be on an

AO 72
(Rev. 8/82)

Moreover, to the extent Dr. Dalton's evaluation was given more weight than Dr. Nadulek's, the ALJ did not err in doing so. Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(f)(2)(ii); SSR 96-6p. Here, the ALJ determined that Dr. Dalton's conclusions, supported by Dr. Petrick, were entitled to substantial weight and the court finds no error in the ALJ's decision to give less weight to Dr. Nadulek's unsupported opinion that plaintiff can perform only part-time work. SSR 96-2p; 20 C.F.R. §416.927(d).

In sum, the ALJ did a thorough job in addressing the relevant medical evidence and explaining why he gave more weight to the opinions of Dr. Petrick and Dr. Dalton. Because Dr. Nadulek's assessment was unexplained and is inconsistent with other substantial evidence in the record, including the objective medical findings, his opinion was not entitled to significant weight. The court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

---

issue reserved to the Commissioner and would not be entitled to any more significance than Dr. Nadulek's opinion that plaintiff is limited to part-time work. The court is satisfied that the ALJ properly evaluated Dr. Petrick's opinion as to plaintiff's functional limitations and merely used it as support for the ALJ's residual functional capacity finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Susan Paczak, Esq.
    Abes Baumann
    810 Penn Avenue
    Fifth Floor
    Pittsburgh, PA 15222-3614

    Christy Wiegand
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219